# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case Nos. 2019-0755 and 2021-0021, <u>State of New Hampshire v. James Michael Dow</u>, the court on February 18, 2022, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, James Michael Dow, appeals his convictions, following a jury trial, of charges including fraudulent use of credit cards and theft by unauthorized taking. <u>See</u> RSA 638:5 (2016); RSA 637:3 (2016). He argues that the Superior Court (<u>Delker</u>, J.) erred by denying his motion for a mistrial based upon the State's alleged violation of its disclosure obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). We affirm.

The victim testified that he gave the defendant his wallet, with his credit cards inside, while he was in the hospital, so that the defendant could return the wallet to the victim's home. The prosecutor, during his opening statement, stated that the victim was in a rehabilitation facility "from September 26th, 2016 to October 19, 2016," and that his rehabilitation stays were preceded by hospital stays for "anywhere from two to seven days." After opening statements, the defense claimed that the prosecutor's statement was contrary to information that the State provided to the defense prior to trial that was allegedly "critical and consequential to the case."

Specifically, defense counsel asserted that, prior to trial, the defense had obtained a letter from the rehabilitation facility stating that the victim was at the facility from September 26, 2016 through October 19, 2016. Defense counsel then "explicitly asked the State in [an] email to confirm the dates that [the victim] was either hospitalized or in rehab." According to defense counsel, the State "confirmed those dates," namely, September 26, 2016 through October 19, 2016. The defense argued that the State never disclosed that rehabilitation stays were preceded by hospital stays of "anywhere from two to seven days." Although the record does not include the email or any other pretrial communications or discovery evidencing the non-disclosure, the prosecutor did not dispute defense counsel's representations concerning the email. The defendant requested a mistrial based upon the State's failure to disclose the hospitalization dates. The trial court denied the motion, ruling that the defendant could have subpoenaed the hospital records "before it was a critical issue in the case."

To establish a <u>Brady</u> violation,[1] the defendant must demonstrate that: (1) the evidence is favorable to him because it is exculpatory or impeaching; (2) the State suppressed the evidence; and (3) the suppressed evidence was material to guilt or punishment. <u>Conley v. United States</u>, 415 F.3d 183, 188 (1st Cir. 2005). "[E]vidence is 'material' within the meaning of <u>Brady</u> when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." <u>Cone v. Bell</u>, 556 U.S. 449, 469-70 (2009).

The defendant argues that, as a result of the non-disclosure, he was placed "at a severe disadvantage" because "he was unable to properly prepare and tailor his defense to the evidence that would be introduced." However, the defendant acknowledges in his brief that his defense at trial "was that he had [the victim's] permission to use the credit cards." The defendant did not raise a date-based defense at trial, nor does he argue that he would have raised a date-based defense had the State provided the hospitalization dates to him, or that the non-disclosure of this information compromised his permission-based defense in any way.[2] We conclude that the defendant has failed to show that the evidence was exculpatory or impeaching or that, had the evidence been disclosed, the result of the proceeding would have been different. <u>See</u> <u>Conley</u>, 415 F.3d at 188; <u>Cone</u>, 556 U.S. at 469-70.

In light of our conclusion that the defendant failed to show that the suppressed evidence was favorable or material, we need not decide whether the trial court erred in ruling that the State did not violate <u>Brady</u> on the ground that the defendant could have subpoenaed the hospital records. <u>See</u> <u>State v. Sullivan</u>, 144 N.H. 541, 545-46 (1999) (We will affirm the trial court's decision when valid alternative grounds support it.).

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

---

[1] We note that the defendant did not raise a State constitutional issue either at trial or in his brief. Accordingly, we address his argument solely under the federal constitution. <u>See</u> <u>State v. Dellorfano</u>, 128 N.H. 628, 632 (1986).

[2] We reject the defendant's assertion that the trial court "agreed that the dates in question were 'a critical issue in the case.'" The defendant made no such showing. The court was merely acknowledging the defendant's representation for purposes of its ruling.